SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5291

Writer's e-mail
jegan@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

March 5, 2019

**VIA ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Camacho v. Rider University*, Civil Action No. 1:18-cv-10700-ER**

Dear Judge Ramos:

This Firm represents Defendant Rider University ("Rider" or "Defendant") in the above-referenced action. In accordance with Section 2.A.ii of Your Honor's Rules, we respectfully submit this correspondence to request a pre-motion conference in connection with Defendant's anticipated motion to dismiss under Fed. R. Civ. P. 12(b)(2).

In sum, this action should be dismissed because the Court lacks personal jurisdiction over Rider. Rider is organized under the laws of New Jersey and has its principal place of business in that state. It does not own, use or possess real property in New York, and does not maintain any bank accounts in New York. Rider does not target New York over other states where it recruits students, and only 4 percent of its students are New York residents. It does not hold any physical classes, seminars or other academic events in the state. The website content at issue provides information about Defendant that may be accessed anywhere in the world where there is an internet connection. Rider's posting of this content on a website maintained in New Jersey, and its attendance at one of at least 900 recruitment events across at least 12 states and 6 countries falls far short of "purposeful availment" of the New York forum that would permit the Court to exercise personal jurisdiction.

**The Action**

Plaintiff alleges that Rider maintains a website, www.rider.edu/ (the "Website"), that is not accessible to individuals with visual disabilities. Plaintiff specifically alleges that he attempted to access the Website after attending a recruitment fair held at the Jacob Javits Center on November 5, 2018 (the "Fair"). Plaintiff essentially contends that the Website provides informational content to prospective students and members of the public that is not sufficiently compatible with screen

reader technology. (Complaint, ECF No. 1, at ¶¶ 28, 31-33.) He asserts claims for relief, on behalf of himself and others similarly situated, under Title III of the ADA, Section 504 of the Rehabilitation Act of 1973, the New York State Civil Rights Law, the New York State Human Rights Law, and the New York City Human Rights Law.

**Plaintiff Has The Burden To Demonstrate Personal Jurisdiction**

Plaintiff has the burden of proof once served with a Rule 12(b)(2) motion. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). He must make a specific averment of facts that, if credited, would be legally sufficient to demonstrate that the Court has jurisdiction. *Skrodzki v. Marcello,* 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011). Specifically, Plaintiff must show either: (1) that Rider was present and doing business under C.P.L.R. § 301 (i.e. "general" personal jurisdiction); or (2) that Rider committed acts within the scope of New York's long-arm statute, C.P.L.R. § 302. (i.e. "specific" personal jurisdiction). *Saudi v. Marine Atl., Ltd.*, 306 F. App'x 653, 654-55 (2d Cir. 2009). Plaintiff cannot establish personal jurisdiction over Rider under either theory.

**There Is No General Personal Jurisdiction**

Absent an "exceptional case," general personal jurisdiction will only exist over Rider in New York if it is (1) incorporated in the state, or (2) has its principal place of business in New York.[1] *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014). Under a "myriad of cases" involving institutions of higher learning, it is well-established in this Circuit that "national universities are not subject to general jurisdiction outside of their state of incorporation or operation." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799-800 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43, 45 (2d Cir. 2016). Since Rider is neither incorporated nor has its principal place of business in New York, the Court lacks general personal jurisdiction.

**There Is No Specific Personal Jurisdiction**

While general personal jurisdiction permits "a court to hear 'any and all claims against an entity,'" specific personal jurisdiction under the New York long arm statute, in contrast, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018). The Second Circuit has held that there must be an "articulable nexus, or a substantial relationship" between the plaintiff's claims, on one hand, and the defendant's acts occurring in New York, on the other. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and citations omitted). Here, neither Defendant's participation in the Fair nor its Website are sufficient under any of the provisions of the New York long arm statute, for the following reasons:

---

[1] The Second Circuit has applied *Daimler* to hold that even a foreign corporation that maintains an office in New York does not qualify as an "exceptional case." *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 n.19). Here, Rider does not even have a physical office in the state.





***First***, Plaintiff's claims do not arise out of any specific transaction of business in New York under Section 302(a)(1) of the C.P.L.R. As with networking events, intercollegiate sports, alumni events and other, typical interstate activities of national institutions of higher learning, the act of simply attending a recruitment fair in New York will not confer personal jurisdiction. *See Thackurdeen*, 130 F. Supp. 3d at 802-03. This is particularly the case here, since Plaintiff's claims are directed at the accessibility of the Website rather than any alleged acts or omissions by Rider at the Fair. Plaintiff, in fact, did not initiate any communications with Rider at the Fair or at any time thereafter. *See Kurzon v. Thomas M. Cooley Law Sch.*, No. 12-cv-8352, 2014 U.S. Dist. LEXIS 85776, at *18 (S.D.N.Y. June 24, 2014) (no specific jurisdiction under Section 301(a)(1) because plaintiff's claims were "not based on . . . [defendant's] law school recruitment fair participation" in New York).

What *is relevant* to Plaintiff's claims concerns purely *informational*, internet-based content about the services, programs and activities of Rider. Similar to a national publication with New York readership, it is well established that an organization cannot be hauled into any jurisdiction where its website content may be displayed. *See Girl Scouts of the U.S. v. Steir*, 102 F. App'x 217, 219 (2d Cir. 2004) (summary order) (no specific jurisdiction under Section 301(a)(1) based on "website [] directed at the entire United States"); *Zibiz Corp. v. FCN Tech. Sols.*, 777 F. Supp. 2d 408, 423 (E.D.N.Y. 2011) (website content that conveys information to residents of any state in the country fails to show purposeful availment in New York); *Sullivan v. BH Media Group, Inc.*, No. 17 Civ. 8139 (S.D.N.Y.) (Daniels, J.), ECF Nos. 22, 24 (dismissing website accessibility action against out-of-state publication under Fed. R. Civ. P. 12(b)(2)). That Plaintiff happened to visit the Website while in New York rather than any other internet-served location, and attended the Fair in New York rather than in any of the other 11 states where Rider recruits students, are precisely the type of "coincidental" or "attenuated" contacts that the New York Court of Appeals has expressly rejected as a basis for jurisdiction. *Licci v. Lebanese Can. Bank*, 20 N.Y.3d 327, 340 (2012).

***Second***, Sections 302(a)(2) and (3) of the C.P.L.R. do not apply because the Complaint does not allege tortious conduct. It is well-established that Plaintiff's civil rights claims do not arise out a duty "cognizable at common law." *Baguer v. Spanish Broad. Sys.*, No. 04-CV-8393 (KMK), 2007 U.S. Dist. LEXIS 70793, at *9-10 (S.D.N.Y. Sept. 20, 2007) (quoting *Picciano v. Nassau Co. Civil Serv. Comm'n*, 290 A.D.2d 164, 736 N.Y.S.2d 55, 60 (2d Dep't 2001)).

***Third,*** Rider does not own, use, or possess any real property within New York as required to confer jurisdiction under Section 302(a)(4) of the C.P.L.R. Plaintiff does not allege otherwise.

For all these reasons, the Court should dismiss this action *with prejudice.* We thank the Court for its consideration of this application.







Respectfully submitted,

SEYFARTH SHAW LLP

By: ____________________________
John W. Egan

cc: All counsel on record (via ECF)